ORDERED in the Southern District of Florida on June 19, 2012



_Robert A. Mark_
_Robert A. Mark, Judge_
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

IN RE:

DAVID ARRITOLA

CASE NO.: 12-10431-RAM
CHAPTER: 13

Debtor

_____/

## ORDER GRANTING RENEWED MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY CHASE, DE #51

THIS CASE came to be heard on June 12, 2012, on the Debtors' _Renewed Motion to Value and Determine Secured Status of Lien on Real Property Held by Chase Bank,_ (Docket Entry #51); the "Motion"). Based upon the Debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.      The value of Debtors' real property (the "Real Property") located at 3977-79 SW 87 PL,

Miami FL 33165, more particularly described as:

**Legal Description: BIRD ROAD HIGHLANDS PB 20-31**
**LOT 224 LOT SIZE 50 X 106 OR**
**21274-1864 05 2003 4 OR 19856-3990 0801 00**

is $215,000.00 at the time of filing of this case.

B.    The total of all claims secured by liens on the Real Property senior to the lien of Chase Bank (the "Lender") is $256,634.93

C.    The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.    The motion is **GRANTED.**

2.    Lender has an allowed secured claim of $0.00.

3.    Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded November 1, 2006 at Book 25061 Pages 1933-1938 (6 pages) in the official records of Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4.    Lender filed proof of claim 10-1 in this case. The debt shall be classified as a secured claim in the amount stated in paragraph 2, above and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5.    The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.    Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.